IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY SLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–22–79–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Mark Anthony Slover (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental

impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was fifty-four years old at the time of the administrative hearing. (Tr. 12, 65). He possesses a college education. (Tr. 33–34). He has worked as a flower salesperson and artificial inseminator. (Tr. 22). Claimant alleges that he has been unable to work since January 1, 2016, due to limitations resulting from an arthritic back, knees, and ankles; fluctuating blood pressure; hypertension; hypotension; total knee replacement; and rheumatoid arthritis. (Tr. 65–66).

## Procedural History

On July 26, 2019, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. After an administrative hearing, Administrative Law Jodi B. Levine ("ALJ") issued an unfavorable decision on June 18, 2021. Appeals Council denied

review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to properly analyze Claimant's RFC, and (2) improperly evaluating the medical opinion evidence.

### Step-Four Determination

In her decision, the ALJ determined Claimant suffered from the severe impairments of osteoarthrosis, status post knee replacement, and hypertension. (Tr. 15). The ALJ concluded that Claimant retained the RFC to perform light work with limitations. Specifically, the ALJ found that Claimant can never climb ladders, ropes, or scaffolds but can occasionally climb stairs, stoop, kneel, crouch, and crawl. (Tr. 15).

After consultation with a vocational expert, the ALJ determined Claimant could perform his past work of flower salesperson as he actually performed the position and as it is generally performed. (Tr. 22). As a result, the ALJ found

Claimant has not been under a disability from, January 26, 2016, through the date of the decision, June 18, 2021. (Tr. 22).

Claimant contends that the ALJ did not properly access his RFC as she did not explain her findings in light of the medical record as a whole. Further, Claimant argues that the ALJ improperly considered the medical opinion evidence of Dr. Schipul.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. Rul. 96-8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id.* He must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

The ALJ limited Claimant to a light RFC but did not address Claimant's need for walking limitations due to his difficulty in walking for long periods of

5

time as was recommended by Dr. Schipul. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain

how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Here, the ALJ found the opinion of consultative physician, Dr. John Schipul, to be "largely persuasive" although she found that it lacked "any assessment of functional limitations." (Tr. 21). The ALJ also stated that Dr. Schipul's opinions had some weight in her assessment of Claimant's medically determinable impairments and RFC. (Tr. 21) Despite these contentions, the ALJ failed to include any explanation of why she included some of Dr. Schipul's

7

limitations but not others. The ALJ's only mention of reasoning for not accepting some of Dr. Schipul's conclusions occurred during her supportability and credibility analysis of Claimant's subjective complaints. The ALJ stated: "Dr. Schipul described the claimant as having a slow and unsteady gait; however, despite his complaints of joint symptomology, there was no joint swelling, erythema, effusion, tenderness or deformity." Both this statement and the ALJ's assessment of the weight assigned to Dr. Schipul's opinion failed to address the limitations found by Dr. Schipul that were not included in Claimant's RFC.

     In Dr. Schipul's report, he not only concluded that Claimant had a slow and unsteady gait, but also that he had a limited range of motion in his knees, lower back, and ankles. (Tr. 875). Dr. Schipul even specified further that Claimant was completely unable to walk on his heels and could walk on his toes but with moderate difficulty. (Tr. 875). Dr. Schipul also opined as to Claimant's limitations, although the ALJ stated in her opinion that he did not assess functional limitations, which included: (1) "difficulty keeling or stooping," (2) "difficulty bending forward to lift things," (3) "difficulty handling things," and (4) "difficulty walking for a long time." (Tr. 875). The ALJ included the first of these limitations in Claimant's RFC but not any other even though he deemed Dr. Schipul's opinion to be "largely persuasive." It is clear the ALJ failed to apply the proper standards in considering the medical opinion evidence of consultative examiner Dr. Schipul. On remand, the ALJ should reconsider her evaluation of consultative examiner, Dr. Schipul, providing specific, legitimate reasons for rejecting the medical opinion evidence or otherwise making a clear delineation

between the conclusions she accepts and those she finds are unsupported. In addition to reconsidering the medical opinion evidence, the ALJ should re-evaluate Claimant's RFC considering all medical evidence of record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 21st day of September, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**